The Honorable R.J. Edlund State Representative, Thirty-Third District 7061 Riverview Street Kansas City, Kansas 66112
Dear Representative Edlund:
You inquire whether K.S.A. 12-184 which prescribes a procedure for abandoning any form of city government applies to Kansas City, Kansas. Kansas City and Topeka, both cities of the first class, are unique because they subscribe to none of the statutory forms of government and have, instead, chosen to create their own form of government by charter ordinance.
From the time of its incorporation in 1862 until 1909, Kansas City operated under a mayor-council form of government pursuant to K.S.A. 13-103et seq. In 1907, the legislature enacted chapter 114 (K.S.A. 13-1501 etseq.) which enabled cities of the first class, by special election, to adopt a mayor and four commissioner form of government. K.S.A. 13-1706. On July 14, 1909, the citizens of Kansas City voted to adopt this form of government. In 1933, the legislature enacted chapter 127 (K.S.A. 13-1707a
— 13-1707e) which mandated a three commissioner form of government for cities of the first class having a population of more than 150,000. Kansas City operated under that form of government until 1982 when the commission utilized its home rule powers and enacted charter ordinance no. 84 which was approved by its citizens on August 3, 1982.
Charter ordinance no. 84 charters out of the mayor-council and commission statutes which are applicable to cities of the first class and provides for substitute provisions which create a seven member council composed of a mayor nominated and elected at large and six members nominated from council districts and elected at large. Other provisions relate to elections, the creation of council districts, powers and duties of the council, compensation, vacancies, rules of procedure, and the appointment of a city administrator. There are no provisions in the charter ordinance for abandoning this method of government.
K.S.A. 12-184 provides in relevant part as follows:
 "(a) Whenever any law of this state provides for an election on the question of the adoption or abandonment of any form of city government, such question shall be submitted to the qualified electors of a city upon:
 (1) the adoption by the governing body of the city of a resolution providing for the submission of such question, or
 "(2) the certification . . . of a petition requesting the submission of such question, signed by qualified electors of the city equal in number to not less than 10% of the qualified electors of the city.
 "(b) Upon the adoption of a resolution or the certification of a petition as provided in subsection (a) of this section, the question of the adoption or abandonment of the form of city government shall be submitted to the qualified electors of the city at the next city or state general or primary election following by not less than 60 days the adoption of such resolution or the certification of such petition." (Emphasis added).
The only law which might apply is K.S.A. 13-1812 which provides an election on the issue of abandonment of a commission form of government with return to the mayor-council form. However, this statute is not applicable to Kansas City because it is one of the statutes which the city chartered out of. Consequently, it is our opinion that K.S.A. 12-184, by its own terms, does not apply. (K.S.A. 12-184 is part of chapter 76 of the Laws of 1976 which is nonuniform and, therefore, any city may charter out of its provisions.)
A charter ordinance may be amended only by another charter ordinance or by an enactment of the legislature applicable to all cities. Kan. Const., art. 12, sec. 5(c)(4). Charter ordinance no. 84 can always be amended to include an abandonment provision or the legislature may enact legislation applicable to all cities prescribing a procedure for abandoning a form of city government.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm